# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LINDA MAE SOTO MOFFIT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 17-4015-JWL** |
| **NANCY A. BERRYHILL,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

## I.  Background

Plaintiff applied for DIB and SSI benefits, alleging disability beginning December 27, 2012.  (R. 12, 227, 235).  Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  She argues that the

ALJ erred because in his decision he failed to address post-hearing objections to the vocational expert's (hereinafter, VE) testimony.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless,

the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the

economy.  <u>Wilson</u>, 602 F.3d at 1139 (quoting <u>Lax</u>, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  <u>Blea v. Barnhart</u>, 466 F.3d 903, 907 (10th Cir. 2006); <u>accord</u>, <u>Dikeman v. Halter</u>, 245 F.3d 1182, 1184 (10th Cir. 2001); <u>Williams</u>, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  <u>Id.</u>; <u>Haddock v. Apfel</u>, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error in the ALJ's evaluation of Plaintiff's objections to the testimony of the VE, presented in her Representative's Brief after the hearing.

## II.    Discussion

Plaintiff specifically stated that before the court she does not "dispute the ALJ's RFC finding" (Pl. Br. 5), nor contest the VE's expertise, but that she "<u>fully endorse[s] the vocational expert's critical, and singular role in evaluating the issues raised in the post hearing memorandum</u>." (Pl. Br. 8) (emphasis in Plaintiff's Brief).  Therefore, the court accepts that the VE in this case is qualified to testify as a vocational expert and to present the opinions she presented, as she presented them.  Moreover, the court will not question the RFC assessed by the ALJ.

Plaintiff points out that at step five it is the Commissioner's burden to show, when considering the RFC assessed and the vocational factors of age, education, and work experience, that Plaintiff is able to perform other jobs existing in the economy.  (Pl. Br. 6).  She argues that the Commissioner's step five burden may be met only "on the basis of

4

up-to-date and 'reliable' job information." Id. (citing Haddock, 196 F.3d at 1090; and Andrade v. Sec'y of Health and Human Servs., 985 F.2d 1045, 1051 (10th Cir. 1993)). She argues that the Social Security Administration's (hereinafter SSA) Hearings, Appeals, and Litigation Manual (HALLEX) in 2015 at § I-2-5-55 required that when a claimant raises an objection to a VE's testimony, "the ALJ is obligated to 'rule on the objection and discuss any ruling in the decision.'" (Pl. Br. 7) (quoting HALLEX § I-2-5-55; and citing Parker v. Colvin, No. 14-35794, 2015 U.S. App. LEXIS 21390 at *3 (9th Cir. Mar. 12, 2015)[1]; McKinnie v. Barnhart, 368 F.3d 907, 911 (7th Cir. 2004); Donahue v. Barnhart, 279 F.3d 441, 446 (7th Cir. 2002); and Soc. Sec. Ruling (SSR) 13-2p (an ALJ is required to comply with HALLEX in decision-making).  Plaintiff argues that the ALJ failed to address the specific objections raised in her Representative's Brief submitted after the hearing and thereby "failed to fulfill his clear obligation to address facially valid objections," and "implicitly 'played vocational expert' in his predetermination that the issues raised would or could not change the vocational expert's testimony."  (Pl. Br. 8).

She argues "the well-known fact that the Dictionary of Occupational Titles (DOT) is an obsolete and static database that is no longer being developed or enhanced by the United States Department of Labor (USDOL)," that it was last updated in 1991, and that

---

[1]Parker, is an order on the parties' "Stipulated Motion for Remand," and was entered "For the Court" by the Ninth Circuit mediator.  2015 U.S. App. LEXIS 21390. The court finds that as such, it is without persuasive value in this matter.

the USDOL now provides information of that type in the Occupational Information Network (O*NET).  Id. at 9.  She argues that the O*NET is cross referenced to the DOT and, unlike the DOT, "has been updated on a regular basis through the present."  Id.  Plaintiff also asserts that the USDOL uses a "Standard Occupational Classification (SOC) system to classify workers into occupational categories," and that "[m]ultiple DOT codes, through crosswalks, are assigned to SOC codes."  Id., n.5.  Plaintiff argues that the representative jobs of which the VE testified by DOT code number as available within the economy to an individual with the RFC and vocational profile assessed by the ALJ are not applicable within the present economy, and that the O*NET and the SOC reveal that such jobs in the present economy require abilities beyond the RFC assessed in this case.  Id., at 9-10.

Plaintiff asserts that she is not suggesting that the vocational issues raised in her Brief can be answered by her or by this court consulting the O*NET, the SOC, or even the DOT and deciding whether the VE testimony was "correct."  (Pl. Br. 10).  She argues, however, that this is what the ALJ did when he did not present Plaintiff's argument, and these documents to the VE to resolve and explain her resolution of these issues.  (Pl. Br. 10-11).  Plaintiff points out that, pursuant to the case of Haddock and SSR 00-4p, an ALJ has the affirmative duty to inquire whether there are inconsistencies between VE testimony and the DOT, and if there are, to obtain a reasonable explanation for the conflict.  Id. at 11.  She argues that her post hearing Representative Brief raised several issues which challenged the consistency of the VE testimony with the DOT, and which

the ALJ's decision in this case neither acknowledged or discussed, leaving it "at best unclear whether the ALJ met his step 5 burden." Id.

The Commissioner argues that the VE testimony supports the ALJ's step five findings. She argues that the ALJ considered Plaintiff's objections to the VE testimony, discussed them in his decision of this case, and found that Ms. Smidt was qualified as a VE and that there was sufficient evidentiary support for her testimony. (Comm'r Br. 6) (citing R. 24-25). She concludes, "Because VE Smidt's testimony amply supports the ALJ's step-five finding, the ALJ's decision should be affirmed." Id. In particular, the Commissioner argues that "the ALJ explained that '[t]he Social Security Administration has chosen to continue using the Dictionary of Occupational Titles and SCO [(Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (1993))] as guides and there is no reason to find that the [vocational] expert incorrectly gave numbers under the DOT.'" Id. at 7 (brackets added by the court). She argues that the ALJ's finding regarding the objections was a reasonable application of agency policy which instructs the ALJ to consider conflicts between the DOT (the agency's primary source of occupational information) and VE testimony. Id. at 8.

She argues that the requirement to consider conflicts does not even extend to conflicts with other administratively noticed job data such as the Occupational Outlook Handbook (OOH). Id. at 9 (citing 20 C.F.R. § 404.1566(d)). She argues that "[t]he agency has not recognized O*NET as an authoritative source on par with the DOT, and the O*NET did not replace the DOT for Social Security purposes." (Comm'r Br. 9)

7

(citing Occupational Information Development Advisory Panel, Finding Report: A Review of the National Academy of Sciences Report A Database for A Changing Economy: Review of the Occupational Information Network (O*NET) 8 (June 28, 2010), available online at http://ssa.gov/oidap/Documents/COMPLETE%20FINAL--Findings%20Report%20OIDAP%20062810.pdf (last visited Jan. 3, 2018). She argues that the VE "plainly referred to the DOT when she identified jobs in response to the ALJ's hypothetical, and did not make any reference to the O*NET or the Occupational Outlook Handbook." Id. at 10.

In her Reply Brief, Plaintiff argues that the Commissioner "concedes explicitly or fails altogether to discuss each key premise" in Plaintiff's Brief. (Reply 1). She reiterates her key premises as: the burden of proof at step five of the sequential evaluation process is the Commissioner's; the ALJ must address objections in his decision; Plaintiff's objections were timely made; the ALJ failed to discuss Plaintiff's arguments that the DOT is out of date, that the O*NET contains information how jobs are performed, and that "as currently performed, the jobs identified by the vocational expert are not unskilled jobs and therefore are potentially not consistent with the ALJ's RFC finding; and, the ALJ failed to discuss Plaintiff's objection that the finding that Plaintiff is limited to occasional social interaction is inconsistent with the Occupational Outlook Handbook, which is a "reliable job information" administratively noticed by the SSA. (Reply 2). She argues that a failure to address her key premises should be deemed a waiver as to each premise, id. (citing Berryhill v. Schriro, 137 F.3d 1073, 1075 n.2 (8th Cir. 1998)), and that since

8

the court itself cannot reweigh the evidence, "remand for further proceedings is the only appropriate disposition of this case." Id. at 3 (citing Draper v. Barnhart, 425 F.3d 1127, 1130 (8th Cir. 2005)).[2]

## A. Applicable Law

Although the HALLEX section cited by Plaintiff, as it currently exists, does not support her assertion, Plaintiff is correct that at the time the ALJ made his decision in this case, HALLEX I-2-5-55 stated, "If a claimant raises an objection about a VE's opinion, the ALJ must rule on the objection and discuss any ruling in the decision." HALLEX I-2-5-55 (effective September 28, 2005, and changed effective June 16, 2016 by Transmittal No. I-2-174) available online at: https://web.archive.org/web/20150923080051/http://www.ssa.gov:80/OP_Home/hallex/I-02/I-2-5-55.html (last visited Jan. 3, 2018). The current HALLEX addresses the issue of VE hearing testimony at I-2-6-74, and requires the ALJ to ask if there are any objections to the VE testifying, and to rule on any objections "on the record during the hearing, in narrative form as a separate exhibit, or in the body of his or her decision." Available online at: https://www.ssa.gov/OP_Home/hallex/I-02/I-2-6-74.html (last visited Jan. 3, 2018).

---

[2]As decisions of the Eighth Circuit Court of Appeals, Schriro and Draper are not precedent binding on this court. Nevertheless, the court recognizes that the Tenth Circuit also applies principles of waiver when a defendant fails to respond to arguments raised in the plaintiff's Brief. However, the court finds that the Commissioner has adequately responded to Plaintiff's allegations of error.

As Plaintiff asserts, and the Commissioner does not contest, the SSA "require[s] adjudicators at all levels of administrative review to follow agency policy, as set out in . . . the Hearings, Appeals and Litigation Law manual (HALLEX)." SSR 13-2p, 2013 WL 621536, *15 (Feb. 20, 2013).

### B.   The ALJ's Decision

The court begins, as it must, with the ALJ's decision as he characterized it, not as Plaintiff or as the Commissioner view it.  This is so because if the record evidence will support two or more conclusions, and one of those is the conclusion reached in the decision at issue, the court must affirm the decision.  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.  [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."  Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).

> The ALJ discussed Plaintiff's Representative's Brief in the decision at issue:
>
> Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles, as supplemented with the expert's experience and workplace observations, as applicable.
>
> The representative has made several objections to the testimony of the vocational expert, documented at Exhibit 15E.  In particular, Ms. Troop [(along with Mr. Youngman, one of Plaintiff's non-attorney representatives before the ALJ)] objects to the expert's experience and qualifications.  She

alleges her testimony about methodology were ambiguous and not understandable. Ms. Troop objects to the cited jobs and asserts they do not exist in significant numbers in the national economy, and asserts the requirements of the jobs exceed the hypothetical residual functional capacity.

Considering these arguments, the undersigned finds that the expert is qualified to cite numbers and, based on the totality of evidence, there is enough evidence to support the vocational expert's testimony that a significant number of jobs exists for the occupations identified. While the vocational expert's numbers may not be exact, the numbers are significant in total, totaling over 200,000 jobs nationally. Therefore, the motion for supplemental hearing is denied. There is no helpful evidence to be gained from such delays or request. The Social Security Administration has chosen to continue using the Dictionary of Occupational Titles and SCO as guides and there is no reason to find that the expert incorrectly gave numbers under the DOT. In our Regulations, the Social Security Administration takes administrative notice as reliable the job information provided by various governmental and other publications, including the Dictionary of Occupational Titles. (20 CFR 404.1566(d), 416.966(d). Additionally, the impartial vocational expert has been determined by the Commissioner to be sufficiently qualified to provide vocational evidence in this matter. (See 20 CFR 405.10). To the extent conflicts exist between the information contained in the Dictionary of Occupational Titles and the vocational expert's testimony, the undersigned is satisfied that the vocational expert's testimony is well-founded upon her experience in job placement, which Social Security Ruling 00-4p notes to be a reasonable explanation for conflicts in occupational information. In sum, the undersigned finds the arguments advanced by the claimant's representative to be without merit; therefore, the objections are overruled.

The undersigned denies the representative's motion for a supplemental hearing as requested in their brief in exhibit 15E. The undersigned finds that the representative fails to provide any alternative residual functional capacity evidence that supports disability. A further hearing to argue concerning jobs cited in response to the only RFC opinions in the record done by DDS seems to overlook the basic fact that the representative has failed to establish a case for disability under the regulations. A supplemental hearing would not aide the undersigned in making a decision based upon the regulations.

> Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

(R. 24-25).

### C. Analysis

Plaintiff has specifically abandoned her argument that the VE in this case was not qualified as an expert, or that the RFC assessed is erroneous. Therefore, the court addresses only her specific objections that the DOT is out of date and should not be used, that the O*NET should be preferred to the DOT because it contains up-to-date, reliable information on how jobs are currently performed in the economy, that the jobs identified by the VE are not unskilled jobs, and that the jobs identified require more than occasional interaction with coworkers or supervisors, contrary to the RFC assessed by the ALJ.

The court agrees with Plaintiff that the Commissioner has conceded, as she must, that she has the step five burden to prove that jobs exist in the economy which are within the RFC assessed, and that the ALJ must discuss and rule on objections to the VE testimony. Moreover, she has not argued, and has thereby waived, the argument that the objections presented in Plaintiff's Representative's Brief after the hearing were untimely.

However, the Commissioner has not conceded that the DOT is out of date and should not be used, that the O*NET should be preferred to the DOT because it contains up-to-date, reliable information on how jobs are currently performed in the economy, that

the jobs identified by the VE are not unskilled jobs, and that the jobs identified require more than occasional interaction with coworkers or supervisors, contrary to the RFC assessed by the ALJ.  Rather, she argues that the Commissioner has specifically promulgated regulations and rulings recognizing the DOT as reliable job information and as the primary source of occupational information to be used in disability cases, but has not done so for the O*NET, and has disclaimed use of the O*NET.  She does not dispute that the information presented by Plaintiff is contained in the sources cited by Plaintiff, but argues that in the circumstances, there is no conflict between the VE testimony and the DOT, the ALJ was justified to rely on the DOT, and specifically found that "there is no reason to find that the expert incorrectly gave numbers under the DOT."  (R. 24) (emphasis added).

 As the Commissioner's argument suggests, the standard the court must apply in reviewing any decision of the Commissioner is whether the Commissioner applied the correct legal standard, and whether substantial evidence in the record supports her findings.  Lax, 489 F.3d at 1084; accord, White, 287 F.3d at 905.  In essence, she is arguing that, as the ALJ found, the VE testimony does not conflict with the DOT or the SCO, that the record contains conflicting vocational evidence in the form of the VE testimony, the DOT and the SCO and the evidence relied upon by Plaintiff from the O*NET, the SOC codes, and the OOH, and that substantial evidence supports the ALJ's determination to accord greater weight to the DOT and the VE testimony than to the evidence relied upon by Plaintiff.  As the Commissioner suggests, the ALJ applied the

correct legal standard.  He considered the plaintiff's objections to the VE testimony, overruled them, and explained in his decision the bases for doing so--because the VE's numbers, although potentially not exact, are significant in total, because the VE testimony does not conflict with the DOT, because the VE is qualified within the meaning of the regulations to testify, and because to the extent conflicts <u>may</u> exist, the VE's testimony is well-founded upon her experience.  The ALJ applied the correct legal standard.

The remaining question is whether substantial record evidence supports the ALJ's decision.  This is a not-uncommon situation, where the evidence is conflicting and the ALJ must decide which evidence to credit.  As noted above even if the record evidence will support two conflicting results, there is no error if one of the results supported is that reached by the Commissioner.  Plaintiff argues that the record evidence will not support the decision reached by the Commissioner because the DOT is outdated and unreliable, and the O*NET, SOC codes, and OOH contain updated and reliable information which must be used instead of the DOT information and the VE testimony.

The court does not agree.  As the Commissioner points out, she has promulgated regulations by notice and comment rulemaking explaining that she takes administrative notice of the DOT as reliable job information.  20 C.F.R. §§ 404.1566(d), 416.966(d).  Moreover, in its Policy Interpretation regarding using occupational information at steps 4 and 5 of the sequential evaluation process, the SSA has explained that "[i]n making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national

economy," and that it also may use VEs "to resolve complex vocational issues."  SSR 00-4p, 2000 WL 1898704, *2 (Dec. 4, 2000).  And, while SSR 00-4p, and the Haddock decision require that an ALJ must investigate and elicit a reasonable explanation for any conflict between the DOT and the VE testimony; SSR 00-4p; Haddock, 196 F.3d at 1091; they do not require the ALJ to resolve conflicts between VE testimony and other vocational publications or information.  Poe v. Comm'r of Soc. Sec., 342 F. App'x 149, 158 (6th Cir. 2009).

     Moreover, the SSA commissioned the Occupational Information Development Advisory Panel (hereinafter OIDAP) to review a report by the National Academy of Sciences (hereinafter NAS) regarding the O*NET.  See Occupational Information Development Advisory Panel, Finding Report:  A Review of the National Academy of Sciences Report A Database For A Changing Economy: Review Of The Occupational Information Network (O*NET) (June 28, 2010), available for download at http://ssa.gov/oidap/Documents/COMPLETE%20FINAL--Findings%20Report%20OIDAP%20062810.pdf (last visited Jan. 3, 2018).  The first finding of the OIDAP, was that it agreed with the NAS "that the O*NET in its current form is not suitable for disability adjudication."  Id., Executive Summary, at 1 (citing, in n.2, p. 161 of the NAS report), and at 8.  The SSA realizes that its disability claims process requires evaluation of work information, and it has begun to develop an Occupational Information System (OIS).  https://www.socialsecurity.gov/disabilityresearch/occupational_info_systems.html (last visited Jan. 3, 2018).  SSA anticipates that it will implement "the new OIS in

calendar year 2020."  Id.  The SSA has established a frequently asked questions (FAQ) website regarding OIS.  https://www.ssa.gov/disabilityresearch/ois_project_faqs.html (last visited Jan. 3, 2018).

Plaintiff's reliance upon the Seventh Circuit cases of McKinnie, 368 F.3d at 911, and Donahue, 279 F.3d at 446 do not change the court's conclusion.  Those cases require, as Plaintiff asserts, that when the basis of the VE opinions is questioned, "then the ALJ should make an inquiry . . . to find out whether the purported expert's conclusions are reliable."  Id., 368 F.3d at 911.  That is precisely what the ALJ did here, and he found that those conclusions were consistent with the DOT, and well-founded on the VE's experience.  Plaintiff has shown no error in the decision below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 3rd  day of January 2018, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**